3-16 Mr. Durango Mr. Durango Good afternoon, Your Honor. Mr. Adler My name is Santiago Durango. I'm an assistant public defender with the Office of the State Appellate Defender. And I represent Chief Defendant Phillips in this case, Mr. Christopher Phillips. May it please the Court. Mr. Phillips pled guilty to aggravated domestic battery for the count of 15 years. At the plea hearing, the Court did not confirm that he had been made aware of the elements of the offense.  Today, I'm going to ask this Court to hold that trial courts in the unknown must confirm at the guilty plea hearing that the defendant was made aware at some point during the case of the elements of the offense. I'm going to be making this request under the principle set out by the Supreme Court of the United States in Batchelor's Decision. Justice Schmidt, you were in the panel after the Stone decision, which previously detected this. And you may be wondering what's the difference between this case and the Stone case. The difference is that the court in the Stone case was not asked to address the supremacy clause argument that I have raised in this case. So what the Supreme Court stated in Stump was that, and I'm going to loosely quote the Court here, The Court stated, quote, And I'm paraphrasing somewhat here, where it states, It's pretty clear that the Stump Court announced that the defendant must be made aware of the elements of the offense in order for a guilty plea to be done. We don't have that in Illinois. In Illinois, it's sufficient to just make the offense a guilty plea. Again, the supremacy clause, this is not sufficient. And this must be shown at the guilty plea hearing because that is where the court confirms that the defendant understands the court's obnoxiousness. In fact, Supreme Court Rule 402 states that the court shall personally address the defendant at the plea hearing to confirm that he understands the court's obnoxiousness. And Illinois case law holds that admonishments given to the defendant prior to the guilty plea hearing do not substantially comply with the requirements of the rule. So, in this case, again, there was no... Which court said that? I cited a number of cases. Okay, but that's not Stump, right? That's not Stump. That's Illinois case law. The U.S. Supreme Court just said, just got to be aware. Yes, exactly. That he must be made aware. At some point, he doesn't even need to be made aware at the guilty plea hearing. He can be made aware of the elements at some prior hearing, but the court should confirm at the guilty plea hearing that he has been made aware of the elements in order for the plea to be known as a guilty plea. So, you're not asking us to adopt, you know, Stump in its entirety, just the part about the elements. Exactly. But we should reject that part about the admonishment doesn't have to come from the judge as long as the record shows that the defendant is made aware. And the Stump came from his lawyers, who made a record of having been told Stump of the elements and having informed them of the elements of the offense. So, you're not saying that the court actually has to do that. You're just saying the court has to confirm that the attorney or somebody did it. Exactly not. Exactly. And at the same end, I'm suggesting that as a procedure to be adopted in Illinois, because that would conform and make Illinois, put Illinois law in harmony with Stump. Right now, Illinois law is not in harmony with Stump. Because our courts, our decisions decided before Stump have felt that simply informing the defendant of ADDM, simply naming the offense is enough. But Stump makes it clear that simply naming the offense is not enough. Well, to be in harmony with Stump, all the record would have to do is show that the defendant had been made aware of the elements of the offense. That's correct. At any time in the procedure. At any time. So, there's a harmless error component to the rule I'm proposing that the court adopt. In that, well, I'm not even sure it's harmless error, but I'm saying that the court does not have to inform him at the delivery date of the offense. And that's not a matter of if, even somehow, as we said just this morning, has been informed previously of the elements of the offense. So, I'd like to just be sure that I understand what you're saying. Yes, ma'am. You're saying that at the guilty plea hearing, the court has to affirmatively confirm that the defendant has been, at some point, advised of the elements of the offense. Yes. So, it can't just be a presumption that the attorney has told him the elements. There has to be something more specific than a presumption. There are cases saying that it can be presumed when a defendant has been represented by counsel that he was informed of the elements. That presumption goes from the Henderson v. Morgan case by the Supreme Court from 1976. It is not in line with more recent Supreme Court decisions emphasizing that guilty plea proceedings must solicit a report with the Constitution. And that presumption has been heavily criticized, has been rejected by courts in all of these states. And Lafaye has rejected it as well. I can't recall the exact wording that Lafaye used, but Lafaye did not approve of that presumption. Because the presumption, fundamentally, is based on a guess that a lawyer didn't want his client of the elements of the offense. But, as this court is aware, we have, unfortunately, lawyers who can't even fill out a 640 certificate correctly. The Supreme Court has addressed cases where the lawyer did not inform the defendant that if he pled guilty, he would face automatic deportation. A lawyer who failed to convey a typical plea offer to the defendant. A lawyer who unlawfully, unreasonably, informed his client that he could not be convicted of attempt murder if he shot the victim below the waist. A lawyer who wrongfully informed the defendant, or failed to inform the defendant, of mandatory enhancement of the minimum sentence. So, representation by guilty plea counsel is not always perfect, and the Supreme Court has been addressing those shortcomings in these recent decisions. The loss of liberty by a defendant, where he's basically giving up his liberty at guilty plea of, let's say, 4 years, 15 years, 48 years, cannot be based on a guess that he was informed of the elements of the offense by his lawyer. So, I think the courts are right. The ones who have criticized the presumption, the attorney has informed the defendant of the elements of the offense. I think they are right in rejecting that presumption, and the professional favor is also right in rejecting that presumption. In this case, when there was a motion to withdraw the guilty plea or vacate the guilty plea on January 28, 2016, defense counsel asked his client, prior to entering into that blind plea, were you informed as to the nature of the charge? The defendant said yes. How do you view that statement? That's exactly the problem. The Supreme Court requires more than simply being informed of the nature of the offense, which, in Illinois' methodology, may be the case under our jurisprudence. The Supreme Court, in itself, made it clear that the defendant needs to be informed of more. He needs to be informed of the elements of the offense. And I've cited at least one case where a defendant pled guilty to the wrong sort of offense because he was not correctly informed of the elements of the offense. Well, let me ask you this. Wasn't the defendant in the courtroom during voir dire, during that time, didn't the judge explain the charge and the elements of the offense to the jury and potential jurors in the defendant's presence? Yes, he was, Your Honor. And let's say that he would have – what we don't know is whether the defendant was paying attention at that point, what the judge was saying to the jury. Well, we never know. We can never know if somebody's paying attention. Well, that's why I was saying there should be confirmation of the guilty plea hearing, that he was informed of the elements of the offense. Not only that, but the court was addressing the panel at that point, and the Supreme Court moved forward to specifically state that the court is to personally address the defendant when it monitors the defendant about the rights he was giving up. But Stumpf says – your case, Stumpf says that the defendant's knowledge of the elements of the crime, the offense, don't have to come from the judge. That is correct. And I suppose that leaves a window open for a harmless error argument in this case. But that is a separate question from the question of whether the courts of Illinois should start informing or confirming that the client has been informed of the elements of the offense. Let's say we have a situation where they have been, you know, reading on the charge to the panel at the time and the present. Then, in that case, there should be confirmation that the elements – the defendant was aware of the elements. We have that situation in this case, and like I said, it may lead to a harmless error analysis. But it does not detract from – When we talk – what specifically is the error? Under what – what's the support for the fact that the judge erred? Excuse me? I'm not saying the judge erred. Well, before you can have harmless error, you've got to have error. So where did the judge err? What I'm saying is that – How about two minutes? Thank you. What I'm saying is that the harmless error analysis is separate. Because what – the problem is with the procedure being followed by Illinois courts. Because they are not in harmony with stuff in the sense that there's no confirmation being made that a defendant has been made aware of the elements of the offense. Simply informing the defendant of nature of the offense is not enough on their side. Illinois law is not in harmony with stuff. So the question is, how should Illinois law be altered to bring it in line with stuff? Something needs to be done to bring it in line with stuff. What should be done to bring it in line with stuff? I personally admire your restraint for only asking for what you're asking for. I don't understand why the trial court can't just give all the admonitions at one time. It's not a big deal. That would be preferable. The stump court did say that the admonitions can come from the lawyer. And the – but a record was made in that case. And the problem that happens – or the problem arises when there is no record made that the defendant was made aware of the elements of the offense. If there's no further questions, I think I'll be open to closing. Thank you. Thank you. Mr. Adler. May it please the Court. Your Honor, counsel, my name is Nicholas Adler, and I represent the people who say that we're going to win this matter. As a preliminary matter, I'd like to address the fact that this argument was actually forfeited because it wasn't preserved in the post-plea motion. It was filed by post-plea counsel. I'm the only Supreme Court nominee in People v. Davis. The Court specifically stated that failure to properly admonish a defendant alone does not automatically establish grounds for reversing the judgment or vacating the plea. In order to have this argued under plenary, the defendant gets his word to show that he was somehow precious or justice was somehow denied him. And as Your Honor has frequently cited to the record in this case, we simply don't have that here because the record clearly shows that under People v. Robinson, this Court can look at the entire record and determine whether or not the defendant understood the nature of the case. And in this case, the record shows he was present in open court with his counsel when the trial court during the voir dire proceedings read the nature of the charge and read the elements of the charge aloud. And as the Supreme Court has also held, substantial compliance with the rule is always necessary in Rule 402a. There is no strict compliance. And as counsel pointed out, perhaps the judge was not directly addressing the defendant. We don't know from the record whether he was looking at the defendant, whether he was looking at the jury. But I would say it's still substantial compliance that he's there, he's present with his counsel, and he hears the nature of the elements of the defense. So I think based on that alone, and also including his own testimony in the post-plea hearing, he was directly asked, as Justice Wright pointed out, were you aware of the nature of the charges prior to an injury guilty plea? He testified that he was. So I think that in this case, much like what was noted in Stone, you can't establish prejudice where the record shows that you were aware of everything. And so I think because of that, this issue is ultimately forfeited, and this appeal should be dismissed on that basis. In the event this Court chooses not to agree with that conclusion, I think the defendant also raised an ineffective assistance in counsel claim, which I'll briefly address. This was post-plea counsel. Counsel brought up a 604D certificate. That certificate states it's certified. As a defense counsel, we reviewed the entire record prior to the post-plea hearing. A review of this record shows, as I've stated, that the Court substantially complied with the rule because the nature and elements were presented during the law hearing. And also during the hearing, the trial court did ask, during the guilty plea hearing, the trial court did ask if the defendant understood what was happening. So we didn't quite phrase it in the do you understand the nature of the charges, but the court did ask do you understand what's happening. And I think based on that, but also based on the well-established principle of our Supreme Court and the people of the Adkison, which I also touched on, if you're represented by counsel, if you're charged by information, it is presumed that you understand the nature of the charges against you. And that's still good law, and I think this Court should continue to follow that law. And so based on all of that, it's really impossible for post-plea counsel to have been ineffective when you didn't raise a non-existent claim because a review of the record shows that the Court complied with the 402 requirements and established Supreme Court precedent. Turning to the defendant's main argument, he argues that Bradshaw v. Stump stands for the proposition that the nature and elements should be presented to the Court. And as Justice Smith stated, in Peeble v. Stump, this Court recently rejected that conclusion because ultimately Bradshaw v. Stump does qualify with existing Illinois law. And so counsel is asking this Court to basically, I guess, amend Rule 402A and add language, which would require the Court to inform the nature of the case as well as the elements. But we don't have that requirement here. That's really more the purview of the Supreme Court to determine whether or not they want to amend those rules and include the element language. I also think Stump is a very distinguishable case from this case because, as I mentioned in the brief, Stump was an interpretation of Ohio's counterpart to Rule 402A. And in Stump, the defendant was charged with a specific intent crime. Under the Ohio rule, the Court was required for each specific intent crime, for each specific intent charge, to list the nature and elements of the offense. So the whole Bradshaw v. Stump Court conclusion was based on this rule already required you, in these circumstances, to list the nature and elements of the offense. As we've stated before, our Court does not require that, and it's not a specific intent case. So the facts of this case really just don't support adopting, I don't know if it's predictive, but adopting the suggestions, perhaps, that it would be good to have the elements included. Moreover, counsel referenced a couple of Illinois appellate cases that said that during the guilty plea hearing, the Court should state the nature and the elements of the offense. And in these cases where people v. Packard, which is 2nd District, and people v. Johns, which is 4th District, these were raised in his reply brief, I checked these cases and I shepherdized these cases. These appear to be outlier cases. The cases that those two courts relied on were only cited to other appellate court cases. And they're clearly in direct contradiction with people v. Robinson, people v. Jackson, and the whole progeny of it's acceptable to review the entire record to determine whether or not the defendant understood the nature and elements of the case. With regard to the Supremacy Clause argument, first of all, the case cited to, I believe, was people v. Hood in the defendant's reply brief. The Hood case is an Illinois case that basically stood for the proposition that you should adopt a federal constitutional framework and require the state to follow it. So I guess what the defendant's trying to argue is that because the court suggested that it would be constitutional to require the elements, we should adopt that. But in that case, it's totally different. It was a Sixth Amendment constitutional claim that was being made. So therefore, the court's framework for that constitutional claim was certainly relevant because the Supremacy Clause would apply in a U.S. constitutional claim. But this is a state court rule. That constitutional argument really has no bearing. And as our Supreme Court stated in people v. Wagner, Illinois courts are not bound to extend their decisions to issues that are not specifically decided. We're not specifically deciding a constitutional issue. We're deciding an issue based on an Illinois State Supreme Court rule. And Wagner clearly stated you're especially not bound to do that where to do so would require overruling a set of law. This has been a set of law for 40 years. So it would go contrary to numerous precedents established by this court, by the Supreme Court, to adopt this rule. The defendant also had cited Henderson v. Morgan. Henderson v. Morgan, just to briefly touch on that, that's kind of furthering the support, you know, where the defendant is represented by counsel. It's appropriate to presume that counsel is funded to admit. Counsel cited several examples that weren't included in his brief about counsel's failure to file 604B certificates and things like that. So to briefly address that issue, you know, it's possible counsels can have error, but there are ways to cure these errors. You know, if we can't presume that counsel read the nature of the charges and the elements of the charges to the defendant, he can raise that claim in his post-plea motion. But that's not what happened here. He could allege an effective assistance to counsel on that basis. So I think even ultimately if this court wanted to subscribe to that argument and if this court wanted to believe that, you know, we should include the elements, I don't think the facts of this case really support establishing that precedent because we clearly have a record that shows that this defendant understood the nature of the charges against him and he was aware of those elements because he was present when they were read and there was nothing in the record that rebuts the presumption that counsel had spoken about these charges with the defendant and had discussed the elements of these charges. So I think based on those facts, without some sort of indication in the record that would rebut that presumption, we can't really extend or subscribe to the new rule that the defendant wants this court to make. And with that, if there are no other questions, I would expect to ask this court to adjourn the trial for its denial of the post-plea motion. Thank you. Those are your thank you.  Yes. Thank you, Your Honor. Under the state's theory of constitutional law, Illinois would not have to follow Boykin v. Alabama. What we have here is a constitutional decision by the Supreme Court of the United States in stock. It's clear from that decision that the court wants guilty plea defendants to be made aware of the elements of the offense. It clearly stated that if the defendant is not made aware of those elements, the guilty plea is invalid. Under constitutional principles, under the Supremacy Clause, those principles apply to Illinois. The question, again, is how is Illinois going to get in line with the stock decision? Now, in this case... Well, and the elements of this offense were that she was his girlfriend or, you know, domestic partner or whatever, and he strangled her. Yes. And caused a lot of harm. So that's what the charges stated during the court here. We don't know if he was the defendant's intention during the court here. We don't know if he understood the elements. He may have been consulting with his lawyer at that point. We just are not... There's no confirmation of the record that he was made aware of the elements. You know, assuming we talk about something, you say, well, the defendant says, had I known that, I wouldn't have pled guilty. Right? So what... Does that come into play in this situation?  So we'll have the judge after the sentence. Say, by the way, the state's got to prove that this was your girlfriend, paramour or whatever, and you had this relationship, you strangled her and you hurt her. What would have happened there? Well, we don't know. It would have been preferable if the court had been made aware that the defendant was made aware of the elements and that he understood the elements. The problem, as in stuff, usually arises when it comes to the mental state. There's also the case that I cited in the brief where the defendant thought he had pled guilty to one type of conspiracy when in fact he had pled guilty to another type of conspiracy. So it may be that nothing would change if he had been informed of the elements. But again, the point is that we have to do something about our laws because they are not in accord with what the United States Supreme Court has stated clearly needs to be done with respect to informing or making sure that the defendant is aware of the elements of the offense. And that's what this appeal is all about, that we need to consider some way of adapting Illinois law so that it complies with the statute. If the court has no further questions. Mr. Durango, thank you. Mr. Atwood, likewise, thank you. This matter will be taken under advisement. Written disposition will be issued.